[Nos. 23941–4–I; 23942–2–I;   Division One.          August 20, 1990.]
      23943–1–I; 23944–9–I.

THE STATE OF WASHINGTON, *Respondent,* v. RANDY
PAUL SKIGGN, *Appellant.*

*Eric Broman* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman, Deputy,* for respondent.

SCHOLFIELD, J.—Randy Skiggn appeals his sentence for first degree theft. We affirm.

## FACTS

On November 22, 1988, Skiggn was charged by single information with the crimes of first degree theft, taking a motor vehicle without permission, escape in the second degree, and escape in the third degree. As to the theft count, the information specifically alleged:

> That the defendant Randy Paul Skiggn in King County, Washington, on or about November 2, 1988, with intent to deprive another of property, to-wit: a purse and its contents, did wrongfully obtain such property by taking it from the person of Bridgette Garrett[.]

On December 15, 1988, Skiggn pleaded guilty to theft in the first degree and taking and riding a motor vehicle.

At the December 15, 1988, plea hearing, Peter Goldman represented the State and Joe Scalone represented Skiggn. Prior to his guilty plea on the theft and taking and riding charges, Skiggn pleaded guilty to several other current offenses charged in different informations. Goldman stated that the State's sentencing recommendation would be "24 [months] across the board it looks like."

The handwritten agreement, given to Skiggn at the time he signed his plea, stated that:

> I have been informed and fully understand that the Prosecuting Attorney will make the following recommendations to the court: Dismiss count III & IV; [t]wenty four months (24) on the theft; [f]ourteen months (14) on the taking and riding . . . Prosecutor agrees not to file any other charges arising from the facts in the discovery from these incidents.[1]

The statement on plea of guilty also stated that:

> The standard sentence range for the crime is at least 22 and no more than 29 months on Count I; 14–18 on Count II; based upon my criminal history which I understand the Prosecutor says to be: See attached . . . Criminal history attached as Appendix B and incorporated by reference.

However, according to the sentencing guideline scoring form, based on his prior criminal convictions, Skiggn had an offender score of 11 and an accompanying standard sentence range of 43 to 57 months for first degree theft and 22 to 29 months for the taking of a motor vehicle.

On January 24, 1989, at the first sentencing hearing, a different prosecutor drew the court's attention to the conflicting information with regard to the standard range for the theft count. Her calculation showed a standard range of 43 to 57 months as opposed to the range of 22 to 29 months in the plea agreement. She informed the sentencing judge

---

[1]Below are the words, "See attached Plea agreement and Prosecutor's Rec", apparently written at an unknown time by deputy prosecuting attorney Michael Hogan. The attached recommendation, contrary to the statement on plea of guilty, indicates that the State would recommend 48 months' confinement on count 1 (first degree theft) and 24 months on count 2. It is unclear whether this "attachment" was actually attached at the time the plea was signed by Skiggn.

that "the prosecutor who okayed the plea form didn't go over it carefully enough." Because Scalone was not present to represent Skiggn, the trial court continued the matter for a week. Skiggn, nonetheless, stated that he wished to proceed.

On February 3, 1989, at the second sentencing hearing, the prosecutor stated that because of the misunderstanding or confusion "between the standard range and forms attached to the plea agreement" Skiggn should either plead guilty with the appropriate standard range or withdraw the plea.

Skiggn's counsel agreed that there was an error in the initial calculation of the standard range for first degree theft, though he did not know who made the error originally. He stated that at the time of negotiating the plea, there was an understanding that the range was substantially smaller than what the prosecutor had submitted for sentencing in the presentence report. He also stated that the attachments cited by the State are not customarily attached to the plea when it is signed at omnibus.

The court gave Skiggn the opportunity to withdraw his plea, but Skiggn declined. The court then continued the sentencing hearing, giving the prosecutor time to prove the existence of Skiggn's priors to support its calculation of the standard range.

The final sentencing hearing was on February 21, 1989. Following the State's presentation, the court ruled that there was no meeting of the minds and, thus, no valid plea agreement. The court continued, stating, "Without a recommendation, my sentence will be based not on a plea range but on what it is my determination to be the appropriate standard range and the appropriate sentence within that."

The court found the standard range to be 43 to 57 months on the theft count. "[G]iven the circumstances of the confusion about the plea agreement," the court sentenced Skiggn to 43 months, the low end of the range. This appeal timely followed.

On February 5, 1990, Commissioner Hudgins granted the State's motion to take additional evidence on review pursuant to RAP 9.11. On February 16, 1990, an "Additional Finding of Fact" was entered, stating that "the defendant's attorney completed the plea form at the time the defendant pled guilty."

## Adequacy of the Information

Skiggn first argues that the information is constitutionally defective because it omits intent to permanently deprive another of property, which is an essential element of the crime of theft in the first degree.

■ Skiggn's argument fails because the Washington Supreme Court recently held that in a prosecution for theft by taking, the State does not have to prove the defendant intended to permanently deprive the victim of the property. *State v. Komok,* 113 Wn.2d 810, 783 P.2d 1061 (1989).

## Enforceability of the Plea Agreement

The next issue is whether Skiggn is entitled to specific performance of the prosecutor's agreement to a standard range of 22 to 29 months and a sentence of 24 months on Skiggn's theft conviction.

Skiggn argues that he was denied his due process rights because the prosecutor failed to make the promised sentencing recommendation pursuant to the plea bargain, the trial court entered a sentence exceeding the promised recommendation, and the State made no recommendation at the sentencing hearing. Skiggn also argues that the sentencing court erred by invalidating the plea agreement which had been accepted by the plea court.

A plea agreement, once accepted by the court, is binding on the prosecutor. *State v. Schaupp,* 111 Wn.2d 34, 38, 757 P.2d 970 (1988). A defendant must understand the sentencing consequences for a guilty plea to be valid. *State v. Miller,* 110 Wn.2d 528, 531, 756 P.2d 122 (1988).

The Washington Supreme Court has recognized two possible remedies where a defendant has entered a guilty plea pursuant to a plea agreement based on misinformation or

where the prosecutor refuses to abide by the terms of the agreement. *State v. Miller, supra.* The defendant must be given the initial choice of a remedy to specifically enforce the agreement or withdraw the plea. The prosecutor bears the burden of demonstrating that the defendant's choice of remedy is unjust. *State v. Miller, supra* at 536.

At issue in *Miller* was whether the interests of justice made the plea bargain binding. Miller argued that the court was statutorily constrained from enforcing the terms of the plea agreement which allowed Miller to argue for a sentence less than the 20–year mandatory minimum of RCW 9.94A.120(4), a statute within the Sentencing Reform Act of 1981 (SRA). Miller argued the plea agreement was not legal and therefore unenforceable; the only appropriate remedy for the mutual mistake underlying the agreement was to allow him to withdraw his guilty plea. *State v. Miller, supra* at 532. The Washington State Supreme Court did not accept this analysis, holding that where fundamental principles of due process so dictate, the specific terms of a plea agreement based on a mistake as to sentencing consequences may be enforced despite the explicit terms of a statute. *State v. Miller, supra* at 532 (citing *State v. Cosner,* 85 Wn.2d 45, 530 P.2d 317 (1975)).

In *Cosner,* defendants pleaded guilty after being informed that the mandatory minimum would be 5 years. They were not advised that because of a prior felony conviction, the special finding they were armed with deadly weapons would result in 7½–year and 8½–year mandatory minimum terms, respectively. *State v. Cosner, supra* at 49–50. On appeal, the court stated:

> [Defendants], while advised of the involvement of a mandatory minimum were, nevertheless, misinformed as to the length thereof. Their petitions are accordingly granted to the extent that the Board of Prison Terms and Paroles is directed to reduce their mandatory minimum terms in accordance with their understanding of the length thereof at the time of their pleas.

*State v. Cosner, supra* at 51–52.

*Cosner* and *Miller* demonstrate that the court is not absolutely bound by the statutory mandatory minimum where it conflicts with the terms of a plea agreement. Defendants' constitutional rights under plea agreements take priority over statutory provisions. *State v. Miller, supra* at 532–33.

Similarly, in *State v. Schaupp, supra,* Schaupp sought reinstatement and specific performance of a guilty plea entered by the plea court. The sentencing court subsequently found the plea to be invalid because the prosecutor had misrepresented to the plea court the reason for the plea. *State v. Schaupp, supra* at 37.

On appeal, the State argued that the plea violated the provisions of the SRA. The court rejected the State's argument, reasoning that the policies behind the plea bargain process required adherence to the bargain, whether or not the bargain complied with the SRA. The court thus reaffirmed its decision in *Miller.*

■ However, both *Miller* and *Schaupp* indicate that fault on the part of the defendant or his attorney for an error in a plea agreement may preclude the defendant from being able to specifically enforce the agreement. *State v. Miller, supra* at 535; *State v. Schaupp, supra* at 39, 41. The *Miller* court noted that there may be circumstances under which the defendant's choice of remedy would be unfair to the other parties. For example, a defendant's choice of specific performance as a remedy for a plea agreement in violation of the SRA may be unfair if the violation was caused by misinformation provided by the defendant. *State v. Miller, supra.*

In the present case, the trial court's oral finding that there was no meeting of the minds and, thus, no contract is supported by the record. It appears that at the time the plea was accepted, all parties were mistaken as to the correct standard range for the theft.

Under these facts, *Miller* would normally dictate that Skiggn be entitled to choose a remedy of either specific performance or withdrawal of the plea. However, from the

record before us, it appears that the defense attorney was primarily responsible for the errors set forth in the plea form. The trial court's finding that the defendant's attorney completed the plea form means he completed the sentence on page 2 reading, "The standard sentence range for the crime is at least 22 and no more than 29 months on Count I; 14–18 on Count II." He also completed the statement on page 3, paragraph 11, reading in part, "I have been informed and fully understand that the Prosecuting Attorney will make the following recommendations to the court: Dismiss count III & IV; [t]wenty four months (24) on the theft; [f]ourteen months (14) on the taking and riding . . . ."[2]

A review of the completed Sentencing Guidelines Scoring Form shows the standard sentence range for the theft, count 1, calculated at 43 to 57 months and the standard range for the taking and riding at 22 to 29 months. A form bearing the heading "State's Sentencing Recommendation" signed by Deputy Prosecuting Attorney Nicole MacInnes, dated November 30, 1988, 15 days prior to the plea, shows a recommendation of 48 months on count 1 and 24 months on count 2, sentences to run concurrently. From this record, it appears to us that the defense attorney, with the correct information available, inadvertently made significant errors with respect to the standard ranges and the prosecutor's recommendation in completing the plea form signed by Skiggn. The State is partially responsible for not reviewing the plea form carefully enough to detect the errors.

Nevertheless, under these circumstances, it would be unfair to the State and, indeed, unjust to now allow Skiggn specific enforcement of an alleged plea agreement which was based entirely on erroneous information for which his attorney was primarily responsible.

The State acted properly upon discovery of the error. It properly informed the court of the error and offered to

---

[2]Defense counsel did not write in the words at the bottom of page 3, "See attached Plea agreement and Prosecutor's Rec".

allow Skiggn to withdraw his plea. Being allowed to withdraw his plea would fully protect his rights. Skiggn refused to withdraw his plea at that time. He may have been influenced by the possibility that the court would grant him specific enforcement of the plea agreement. With the filing of this opinion, he will know that he is not entitled to specific enforcement. Under these circumstances, Skiggn should be given another opportunity to withdraw his plea. If he again declines to do so, his sentence will be affirmed.

### MOTION TO STRIKE

Skiggn requests this court to strike certain portions of the State's brief on the grounds that they were not supported by the record. Matters asserted in a brief not supported by the record are subject to a motion to strike. We grant Skiggn's motion except as to the portion of the State's brief which states that the defendant's plea form was completed by the defendant's attorney, because this was an undisputed finding of fact.

This case is remanded to the trial court for the purpose of giving Skiggn another opportunity to withdraw his plea. If he again declines to do so, his judgment and sentence are affirmed.

SWANSON and WINSOR, JJ., concur.