[No. 17424-7-III. Division Three. September 2, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY MARK ROWLAND, *Appellant*.

*Hugh M. Spall, Jr.*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Lauri M. Boyd, Deputy*, for respondent.

BROWN, J. — Gregory M. Rowland appeals his Yakima County sentence for conviction of two counts of theft of a firearm. He argues his offender score was erroneously calculated. It was. The crimes of conviction are the same criminal conduct. We remand for resentencing and to allow argument regarding the parties' agreements. We stress this matter should have been addressed by a CrR 7.8(b) motion.

## FACTS

Mr. Rowland agreed to plead guilty in July 1997 to two counts of theft of a firearm (RCW 9A.56.300) related to

events taking place the previous year. Mr. Rowland took these particular firearms and eight others during a single alleged burglary. The plea agreement provided that the prosecutor would recommend 61 months and dismiss the other nine counts. The plea form listed Mr. Rowland's criminal history and a standard range of 46 to 61 months. The record at the plea hearing reveals Mr. Rowland was free to argue for a lower sentence. The deputy prosecutor explained to the court: "My understanding is his range is 46 to 61 months. We will be arguing for different points along the range." Sentencing was set for March 16, 1998 to accommodate Mr. Rowland's medical and personal problems.

At the scheduled sentencing hearing before a different judge, Mr. Rowland's counsel introduced the matter to the court as "the entry of a judgment and sentence that is agreed upon." Defense counsel also explained a proposed order to allow Mr. Rowland's release after sentencing to complete his medical needs explaining: "It's an order for his release, and what it says is we agree and we ask the court to pass a sentence of 54 months. The sentence shall be, in essence, automatically amended to the top of the range of 61 months in the event that he fails to appear on March 23rd at 9:00 a.m."

The sentencing court entered the pretyped judgment and sentence as submitted including the 54-month agreed sentence without discussion of the standard range computations. The offender score indicated six with five prior crimes as criminal history. Although we do not have the warrant of commitment in the clerk's papers, Mr. Rowland's pro se notice of appeal of the judgment and sentence indicates he was incarcerated within 30 days of sentencing. After securing appointed appellate counsel we learned for the first time that Mr. Rowland disputes the calculation of his offender score and resultant standard range computation. Mr. Rowland did not ask the trial court to consider whether

the crimes of conviction constitute the same criminal conduct for sentencing purposes.

## ANALYSIS

The issue is whether the trial court erred by sentencing Mr. Rowland within the agreed sentencing range without considering if the offenses of conviction constituted the same criminal conduct under RCW 9.94A.400(1)(a) for purposes of calculating the offender score.

 Offender score computations are reviewed de novo. *State v. Roche*, 75 Wn. App. 500, 513, 878 P.2d 497 (1994). "It is axiomatic that a sentencing court acts without statutory authority when it imposes a sentence based on a miscalculated offender score." *Id*. A challenge to an offender score calculation is sentencing error that may be raised for the first time on appeal. *Id*. at 513; *State v. Anderson*, 92 Wn. App. 54, 61, 960 P.2d 975 (1998), *review denied*, 137 Wn.2d 1016 (1999). RCW 9.94A.400(1)(a) states in relevant part:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime.

Although conceding "his five prior convictions should count as 5 criminal history points," Mr. Rowland contends the trial court incorrectly allowed one point for the offenses of conviction because they are the same criminal conduct. On the other hand, the State concedes the offenses of conviction are the same criminal conduct for sentencing purposes under RCW 9.94A.400(1)(a), but argues, even so, adding one point is correct. No argument is presented on the parties' agreements.

The State relying on *State v. Williams*, 135 Wn.2d 365,

957 P.2d 216 (1998) seems to argue that "one crime" means one point for criminal history purposes. We do not agree. If Mr. Rowland had no prior criminal history and one crime, then clearly the starting point for calculating the standard range under RCW 9.94A.310's sentencing grid would be at seriousness level VI and his offender score would be zero. If, as the State concedes, the two counts of theft of a firearm are indeed the same criminal conduct, then the result here should be no different because the current offenses are counted as one crime.

The crimes consisted of two or more identical acts, occurring at the same time and place with the same victim burglarized, and with the same objective criminal intent. *See State v. Simonson*, 91 Wn. App. 874, 885, 960 P.2d 955 (1998), *review denied*, 137 Wn.2d 1016 (1999); *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997). Thus, it is appropriate to accept the State's concession the offenses of conviction constitute the same criminal conduct. Accordingly, we conclude here, the offender score and standard range are erroneous. Therefore, we remand for resentencing.

Although the sentencing here was presented as agreed, we have not been asked to address the effect, if any, of the parties' plea agreement or subsequent modifying agreements. On remand the trial court may consider what bearing, if any, the agreements may have relating to remedies at resentencing. *See State v. Hilyard*, 63 Wn. App. 413, 418-20, 819 P.2d 809 (1991) (parties may stipulate to an exceptional sentence), *review denied*, 118 Wn.2d 1025 (1992); *State v. Skiggn*, 58 Wn. App. 831, 837-38, 765 P.2d 169 (1990) (effect of mutual mistake regarding standard range); *State v. Hardesty*, 129 Wn.2d 303, 315, 318, 915 P.2d 1080 (1996) (trial court may correct erroneous sentence, contract principles apply).

Mr. Rowland could have immediately brought this matter to the trial court by means of a motion under CrR 7.8(b) and been better served. *See Hardesty*, 129 Wn.2d at 317. This procedure reduces the time required to address

concerns related to miscalculated, and thus erroneous, standard ranges. Further, it properly gives the trial court the first opportunity to correct simple calculation errors, avoids the potential for unnecessary incarceration and subsequent finality problems, and provides for a better record on review, if necessary. The delay and expense incurred due to an unnecessary appeal may also be avoided. A sentence within a correctly calculated standard range may not be appealed. RCW 9.94A.210(1).

The criminal rules are intended to promote a just determination of criminal proceedings. CrR 1.2. Utilizing CrR 7.8(b) within the time limits provided, advances justice by employing a simple procedure that provides a forum to correct standard range calculations and eliminates unjustifiable expense and delay. CrR 1.2.

## CONCLUSION

Even though the trial court was not asked to consider whether Mr. Rowland's offender score was erroneously calculated, we may consider that issue for the first time on appeal. Because Mr. Rowland's offenses of conviction are conceded to be the same criminal conduct for sentencing purposes, the offender score is erroneous. Remand for resentencing is appropriate.

Sentence vacated, remanded for resentencing.

SWEENEY and KATO, JJ., concur.