997 P.2d 452 (2000)
100 Wash.App. 451
STATE of Washington, Respondent,
v.
David R. PRIEST, Appellant.
No. 18259-2-III.
Court of Appeals of Washington, Division 3, Panel Eight.
April 18, 2000.
*453 Hugh M. Spall, Jr., Ellensburg, for Appellant.
Gregory L. Zempel, Laura C. Hooper, Pros. Attys. Office, Ellensburg, for Respondent.
BROWN, J.
David R. Priest, convicted of taking a motor vehicle without owner's permission (TMVWOP), raises two issues in his appeal. First, whether the trial court erred by refusing to instruct on intoxication. Second, whether the sentencing court's conceded oversight or omission in failing to strike a sex offender registration paragraph should first be decided in this appeal rather than in the trial court in a CrR 7.8 motion. We answer "no" to both questions. Accordingly, we affirm with leave to the trial court to first consider correcting the uncontested clerical error under RAP 7.2(e).

FACTS
In November 1998, Washington State Patrol Trooper Steven E. Reeves arrested Mr. Priest for driving under the influence. When Trooper Reeves stopped Mr. Priest, he saw the back window was broken out and the ignition had been punched. Mr. Priest and his passenger, Eija G. Herr, gave false names and identifying information. Mr. Priest and Ms. Herr both denied owning the truck. The trooper suspected the pickup was stolen. When tested, Mr. Priest's blood alcohol level was .169 and .172. Trooper Reeves testified that although Mr. Priest had been drinking, he was able to communicate and offered to be an informant. Mr. Priest's identity was finally discovered by fingerprint verification.
Both Mr. Priest and Ms. Herr were charged with TMVWOP. Their cases were consolidated. During trial, Ms. Herr testified a friend in Spokane loaned her the pickup. She asked Mr. Priest to accompany her on a trip from Spokane to Tacoma. Ms. Herr testified that after she picked up Mr. Priest, they bought a six-pack of beer that both she and Mr. Priest consumed before leaving Spokane. Because of her intoxicated state, Ms. Herr asked Mr. Priest to drive. Thereafter, they stopped for gas and more beer in Ritzville and Vantage before being pulled over. Mr. Priest testified he noticed the back window was broken when he got in the pickup, but he did not notice anything unusual about the ignition switch. He testified he used a key when he started the pickup and when he got fuel.
The trial court refused to give Mr. Priest's standard form intoxication instructions based upon 11 Washington Pattern Jury Instructions: Criminal 18.10 (2 ed. 1994) (WPIC), reasoning that the evidence was insufficient to warrant the issue being presented to the jury.
The jury found Mr. Priest guilty. At sentencing, the trial court, by oversight, did not strike the standard form sex offender registration language in the judgment and sentence. Mr. Priest appealed.

ANALYSIS

A. Intoxication Instruction
The issue is whether the trial court erred in refusing to give Mr. Priest's proposed instructions on voluntary intoxication.
Decisions rejecting jury instructions are reviewed for an abuse of discretion. State v. Picard, 90 Wash.App. 890, 902, 954 P.2d 336, review denied, 136 Wash.2d 1021, 969 P.2d 1065 (1998). Each side is entitled to have the court instruct the jury on its theory of the case if there is evidence in the record to support the theory. State v. Hughes, 106 Wash.2d 176, 191, 721 P.2d 902 (1986). Mr. Priest had the burden of proving: (1) the crime charged contains an element *454 of a particular mental state; (2) there is substantial evidence of alcohol consumption; and (3) substantial evidence in the record exists showing the alcohol consumption affected his ability to possess the required mental state of TMVWOP. State v. Gabryschak, 83 Wash.App. 249, 252, 921 P.2d 549 (1996).
RCW 9A.56.070(1) partly provides:
Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity, or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of taking a motor vehicle without permission.
This statute requires specific mental states. Thus, the first requirement is met. Next, substantial evidence must exist that Mr. Priest consumed alcohol. While Ms. Herr testified the two were drinking in Spokane before leaving for Tacoma, there is nothing in the record to suggest Mr. Priest had been drinking prior to getting in the pickup or that he was intoxicated. The evidence shows they shared six to eight beers before leaving Spokane roughly over a two hour period after he was picked up. Moreover, Mr. Priest testified he noticed the broken out window prior to drinking and riding in the truck. Mr. Priest drove to Ritzville before getting more beer. Thus, he had ample opportunity to see the punched out ignition. The evidence showed Ms. Herr was too intoxicated to drive not Mr. Priest. Under these facts, we conclude the trial court did not err.
Even assuming Mr. Priest did not realize the vehicle was stolen until sometime after he began drinking, Mr. Priest cannot satisfy the third requirement. "Evidence of drinking alone is insufficient to warrant the instruction; instead, there must be `substantial evidence of the effects of the alcohol on the defendant's mind or body.'" Gabryschak, 83 Wash.App. at 253, 921 P.2d 549 (quoting Safeco Ins. Co. v. McGrath, 63 Wash.App. 170, 179, 817 P.2d 861 (1991)). What is relevant is the degree of intoxication and the effect it had on the defendant's ability to formulate the requisite mental state. RCW 9A.16.090; State v. Coates, 107 Wash.2d 882, 889, 735 P.2d 64 (1987). Here, Mr. Priest was able to operate a motor vehicle, communicate with Trooper Reeves, purposely provide false information, and attempt to reduce his charges by being an informant. Based on this evidence, the trial court acted within its discretion in reasoning that Mr. Priest's alcohol consumption did not affect his ability to possess the required mental state of TMVWOP.

B. Clerical Mistake
Mr. Priest next challenges the sentencing court's omission in failing to strike an inapplicable paragraph in his judgment and sentence relating to sex offender registration.
The State agrees that the paragraph is inapplicable because Mr. Priest was not convicted of a crime requiring registration; however, the State further argues the matter was never in dispute. We have emphasized that corrections of this sort are best addressed under CrR 7.8. See State v. Rowland, 97 Wash.App. 301, 983 P.2d 696 (1999) (regarding motions under CrR 7.8(b)).
Mr. Priest could have, and should have, immediately brought this matter back to the sentencing court by means of a motion under CrR 7.8(a), and avoided the expense, delay, and uncertainty of this appeal. CrR 7.8(a) partly states:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.
This procedure gives the sentencing court the first opportunity to correct simple sentencing errors, avoid the potential for unnecessary punishment, and provide for a better *455 record on review, if necessary. Rowland, 97 Wash.App. at 305-06, 983 P.2d 696. "The delay and expense incurred due to an unnecessary appeal may also be avoided." Id. at 306, 983 P.2d 696.
Although aware of Rowland, Mr. Priest explains the reason a motion was not made before the lower court is to preserve his opportunity for collateral attack. However, Mr. Priest does not discuss CrR 7.8(a). A clerical mistake is one that when amended would correctly convey the intention of the court based on other evidence. See Presidential Estates Apartment Assoc. v. Barrett, 129 Wash.2d 320, 326, 917 P.2d 100 (1996) (involving the civil rule counterpart to CrR 7.8(a)).
Here, the verbatim report clearly shows the sentencing court did not intend to have Mr. Priest register as a sex offender. The State does not argue otherwise. In any event, we treat Mr. Priest's argument as a motion and give leave to the trial court to address this seemingly uncontested issue under RAP 7.2(e).

CONCLUSION
We hold the trial court did not abuse its discretion when refusing Mr. Priest's proposed intoxication instructions. We emphasize the necessity to bring clerical mistakes before the trial court under CrR 7.8(a) for correction before resorting to unnecessary appeals.
Affirmed, with leave to the trial court under RAP 7.2(e) to consider striking the claimed clerical error.
KURTZ, C.J., and SWEENEY, J., concur.