# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69863-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TIMOTHY LOWELL ASHE, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 22, 2013 |
| | ) | |

APPELWICK, J. — Ashe appeals the denial of his postjudgment motion to withdraw his plea of guilty. He argues that the trial court should have granted the motion because the plea was premised upon a mistake regarding his eligibility to serve his sentence on work crew. Ashe was adequately informed of the consequences of his guilty plea. We affirm.

## FACTS

In 2010, the State charged Timothy Ashe[1] with three counts of assault in the second degree. Pursuant to a plea agreement, the State dismissed two of the counts and Ashe pleaded guilty to the remaining count. During the plea colloquy, the trial court questioned Ashe regarding his understanding of the guilty plea and its consequences. Ashe confirmed that he had "thoroughly gone through" and understood the statement of defendant on plea of guilty. The plea statement listed, inter alia, the core rights given up by pleading guilty, the standard and maximum sentence range, and other

---

[1] The information and other documents reflect the appellants name as "Ash." However, in his statement on plea of guilty Ashe corrected the misspelling by adding a handwritten "E" at the end of his name. He then signed the plea agreement and the judgment and sentence with the name "Ashe." We have corrected the spelling of his name accordingly.

consequences of a felony conviction. In signing the statement, Ashe also agreed that "I make this plea freely and voluntarily" and that no one caused him to plead guilty by threatening or promising him anything other than what was in the plea agreement. The judge elicited verbal confirmation from Ashe that he was "freely and voluntarily entering this plea" with a "full understanding of the consequences." The court accepted Ashe's plea after finding that there was a factual basis to support a finding of guilty.

The court then moved immediately to sentencing. In accordance with the terms of the plea agreement, the State recommended a sentence of three months to be served on work crew, with credit for one day served, plus restitution and fees. The court accepted the recommendation and ordered Ashe to serve twelve months of community custody. When Ashe reported for work crew, he was deemed unqualified for medical reasons and removed from the crew. He later filed a motion for withdrawal of guilty plea with the trial court. He asked the trial court to grant the motion pursuant to its authority under CrR 7.8(b), which permits a trial court to relieve a party from a final order due to a mistake in obtaining the order or for any other reason justifying relief. He asserted that the plea agreement was based on a mistake or reliance on misinformation, because both parties believed at the time the agreement was made that Ashe would be able to serve on work crew.

After a hearing on the matter, the trial court denied the motion, saying that there was insufficient basis for withdrawal and that the judgment made clear that the work crew sentence was conditioned upon eligibility and approval. Ashe made a verbal motion to the trial court requesting reconsideration of the denial on the grounds that the contents of the judgment were irrelevant to the issue of the expectations and mutual

2

mistake of the parties during the plea bargaining. The trial court denied the motion to reconsider.

While Ashe's motion to withdraw the plea of guilty was under consideration, the trial court converted the sentence to 90 days confinement with credit for two days served, including the day he reported for and was disqualified from work crew. Ashe appeals the denial of his motion to withdraw the plea of guilty and the denial of the motion to reconsider.

## DISCUSSION

Ashe argues that the trial court erred in denying his postjudgment motion to withdraw a plea of guilty, because the parties were "mutually mistaken as to the viability of a fundamental part of the plea agreement." He claims he was "not adequately informed about the sentencing consequences of his plea, and therefore the plea was involuntary."

A guilty plea violates constitutional due process when it is not made knowingly, voluntarily, and intelligently. State v. Robinson, 172 Wn.2d 783, 794, 263 P.3d 1233 (2011). There must be an affirmative showing that the plea was made intelligently and voluntarily. State v. Barton, 93 Wn.2d 301, 304, 609 P.2d 1353 (1980). CrR 4.2(d) institutes safeguards to protect these constitutional mandates by requiring trial courts to take affirmative steps to determine that a guilty plea is made "voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea" and that there is a factual basis for the plea. In order for a guilty plea to be knowing and voluntary, a defendant must be informed of all direct consequences but need not be informed of consequences that are merely collateral. Barton, 93 Wn.2d at

305. A consequence is direct if it "represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Id.

We review a trial court's decision on a motion to withdraw a plea of guilty for abuse of discretion. State v. Bao Sheng Zhao, 157 Wn.2d 188, 197, 137 P.3d 835 (2006). A court abuses its discretion if its decision is manifestly unreasonable or based upon untenable grounds or reasons. State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard. In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). A court bases its decision on untenable reasons if it applies an incorrect standard or the facts do not meet the requirements of the correct standard. Id. The untenable grounds basis applies if the factual findings are unsupported by the record. Id.

A motion to withdraw a plea of guilty after judgment is controlled by CrR 7.8. State v. Lamb, 175 Wn.2d 121, 128, 285 P.3d 27 (2012) ("'If the motion for withdrawal [of a plea of guilty] is made after judgment, it shall be governed by CrR 7.8'") (quoting CrR4.2(f))). Ashe bases his claim on mistake under CrR 7.8(b)(1).[2]

---

[2] CrR 7.8(b)(1) through (5) lists the reasons for which a trial court may grant a motion to withdraw a plea of guilty after judgment. The relevant parts of that rule state:

> (b) On motion and upon such terms as are just, the court may relieve a party from a final judgment, order or proceedings for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
> . . . .
> (5) Any other reason justifying relief from the operation of the judgment.

CrR 7.8.

4

The record indicates that Ashe was aware that serving his sentence on work crew was conditioned upon his eligibility to do so. While making the sentencing recommendation, the prosecutor said, "[I]f he's able to and that – in doing that on work crew was – it would be sufficient a punishment." In asking the court to follow the recommendation, defense counsel said, "[Ashe] indicated to me that he felt he'd be able to do the work crew. There was no problem with that. He's been a hard working man whose [sic] had a business here and he continues to work hard and will take the time to make sure he gives back to this community through the work crew time that he's – if Your Honor's [sic] allowed him to do that here today." These statements reflect an understanding by both parties that serving his sentence on work crew was conditioned on eligibility and ability. Then, the judgment and sentence was entered on a standard "Felony Judgment and Sentence – Jail One Year or Less" form. In the section regarding partial confinement options, including work crew, the form read, "The defendant may serve the sentence, if eligible and approved, in partial confinement in the following programs. . . ." No objection was made to this language and no motion was made to withdraw the plea at that time. The plea agreement clearly provided that jail time was avoided only if he was eligible for and able to participate in the work crew. We hold that Ashe's plea was knowing, voluntary, and intelligently made because he was adequately informed of the direct consequences of his plea.

Ashe bases his appeal on several cases where plea withdrawal was an available remedy when a plea was based on a mutual mistake of the parties. But, the question in this case is not whether withdrawal of a plea is an available remedy, but rather whether the trial court abused its discretion in not granting withdrawal in this case. In several of

the cases Ashe cites, the parties agreed that the pleas were invalid. <u>State v. Miller</u>, 110 Wn.2d 528, 531, 756 P.2d 122 (1988), <u>overruled on other grounds by State v. Barber</u>, 170 Wn.2d 854, 248 P.3d 494 (2011); <u>State v. Bisson</u>, 156 Wn.2d 507, 509, 130 P.3d 820 (2006); <u>Barber</u>, 170 Wn.2d at 858. In both <u>State v. Skiggn</u>, 58 Wn. App. 831, 838, 795 P.2d 169 (1990), and <u>State v. Wilson</u>, 102 Wn. App. 161, 169-170, 6 P.3d 637 (2000), the courts held that specific enforcement of the plea agreements would be unjust. The holdings were based on the rule of <u>Miller</u>. <u>Skiggn</u>, 58 Wn. App. at 836; <u>Wilson</u>, 102 Wn. App. at .169-170. <u>Miller</u> held that, when a plea of guilty was not knowingly made, the defendant could choose between specific enforcement of a plea agreement or withdrawal of a guilty plea, unless there were compelling reasons not to allow the remedy.[3] 110 Wn.2d at 535. <u>Skiggn</u> and <u>Wilson</u> both permitted the defendants to withdraw their guilty pleas because their remedy of choice, specific enforcement, would have been unjust. None of these cases held that a trial court abused its discretion in denying a motion to withdraw a guilty plea.

Ashe analogizes to one case, <u>State v. Moore</u>, 75 Wn. App. 166, 173, 876 P.2d 959 (1994), <u>abrogated on other grounds by In re Pers. Restraint of Carrier</u>, 173 Wn.2d 791, 272 P.3d 209 (2012), in which the court held, at least implicitly, that a guilty plea was invalid and therefore allowed the defendant to withdraw the plea. However, we do not extend the reasoning of <u>Moore</u> to this case. In <u>Moore</u>, the court allowed withdrawal of a guilty plea "[b]ecause it is apparent that [defendant], like Miller, did not understand all the consequences of his guilty plea." <u>Id.</u> However, the parties in <u>Miller</u> agreed that

---

[3] The Washington Supreme Court has since overruled this part of <u>Miller</u>. Specific performance is now available only in cases where the State breaches a promise made in a plea agreement. <u>Barber,</u> 170 Wn.2d at 874.

6

the defendant was not informed of the sentencing consequences of his plea, and that case concerned only the available remedy. <u>Moore is not applicable</u>. Ashe knew that jail was the sentence if he did not participate in the work crew. He knew that he had to be able to do the work. He knew the consequence. He knew the condition. He mistakenly assumed he necessarily met the condition.

The trial court did not abuse its discretion in refusing to permit Ashe to withdraw his plea of guilty.

We affirm.

Appelwick, J.

WE CONCUR:

Spearman, A.C.J.        Becker, J.