IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 79950-9-I |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| SCOTT ROBERT LAMPMAN, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 21, 2019 |
| _____ | ) | |

PER CURIAM — Scott Lampman appeals an order amending his judgment and sentence under CrR 7.8(a) and adding terms of supervised and unsupervised probation that were inadvertently omitted from the original judgment and sentence. Lampman contends the court's mistake was judicial, rather than clerical, and the court therefore lacked authority to amend the judgment and sentence. We conclude that the court did not abuse its discretion in amending the judgment and sentence. We affirm.

FACTS

Scott Lampman was charged with one count of felony harassment under RCW 9A.46.020 (1) and 2(b), a felony, after he threatened his sister that he would kill her ex-husband. Lampman and the State reached a plea agreement, and on January 22, 2018, Lampman entered a guilty plea to one count of domestic violence harassment pursuant to RCW 9A.46.020 (1), a gross

misdemeanor.  The parties agreed to recommend a sentence including, in part, 364 days in custody, suspended, with credit for time served; 12 months of supervised probation and 12 months of unsupervised probation; no contact with the victims; and a mental health evaluation.  The State additionally recommended 30 days of mental health treatment in the enhanced Community Center for Alternative Programs (hereafter "CCAP").

At sentencing on January 26, 2018, the court imposed 364 days in custody, with credit for time served and the remainder suspended, and 30 days attendance in the enhanced CCAP.  The court also ordered Lampman to complete a mental health evaluation within 30 days of sentencing, and to engage in mental health treatment and comply with treatment recommendations, including taking medications as prescribed.  In its oral ruling, the court said it was imposing 24 months of probation:

> I am going to order him to be supervised for 12 months.  And then he will be unsupervised for another 12 months, which is basically where the Court will just review – or if it [sic] has concerns, have hearings to see how he is doing.

Further, the court imposed a victim penalty assessment and ordered Lampman to have no contact with the two victims.

The court then reviewed the written judgment and sentence form prepared by the prosecutor, noting the document "does comport with the Court's oral ruling," and signed it.  The judgment reflects the court's oral ruling in all aspects other than probation.  The judgment and sentence form has checkboxes beside the paragraphs related to supervised and unsupervised probation, but neither of these two boxes are checked.  The form also provides blank lines for the court to

fill in with the number of months the defendant is to serve on supervised or unsupervised probation, or both. These spaces are also blank on the judgment and sentence. Because of these omissions, the judgment and sentence does not impose any probation.

The judgment and sentence was filed the same day. Lampman reported as directed to CCAP on January 29, 2018 for his intake appointment. He then failed to report to CCAP on February 20, 21, and 22, 2018, which led the Department of Adult and Juvenile Detention to issue a notice of violation on February 22, 2018. According to the notice, Lampman had completed 13 of the 30 days of enhanced CCAP required by his sentence.

More than a year later, on March 12, 2019 the State noted a hearing to correct the error in the judgment and sentence. The notice indicates that "the state will present to the court the judgment and sentence and the recording of the sentencing hearing."

At the hearing on April 24, 2019 counsel for Lampman did not object to correcting the judgment and sentence to include the probation the court had intended to order, but she did object to the proposed language specifying that the 12-month term of supervised probation was to "commence immediately." Defense counsel argued that aspect of the proposed order made a substantive change to the judgment and sentence by requiring Lampman to serve the term of supervised probation after he had already served the term of unsupervised probation, which was not what the court said it intended to do at sentencing.[1]

---

[1] It is not clear how Lampman could have been serving a term of unsupervised probation when the judgment and sentence did not order any probation at all. The State, however, agrees that

3

Counsel explained that the court's oral ruling had imposed "12 months of supervised probation and then 12 months of unsupervised probation." (Emphasis added). The court asked whether it had said the words "and then," or had it simply said "and" between the supervised and unsupervised components. Counsel said it would be necessary to refer to the recording of the sentencing hearing to be certain. The court responded "I think we have to, because I think that we have to be clear."

The court did not, however, have the recording played back, although defense counsel offered to replay the tape or to listen to the tape and determine if the court's oral ruling was consistent with defense counsel's memory and with the customary practice. Instead, the court concluded that there was no legal obligation to order that supervised probation be served before any unsupervised probation. In addition, the court found there was no prejudice to Lampman, because the court was not requiring him to serve any additional time on supervised probation or to be held in the court's jurisdiction for any longer than the court intended originally.

The court's order, entered April 24, 2019, provides:

Although the court followed the agreed recommendation and imposed 12 months of supervised probation followed by 12 months of unsupervised probation in the above entitled cause, that portion of the judgment and sentence was left blank . . . [Therefore,] the judgment and sentence shall be corrected to include 12 months of supervised probation and 12 months of unsupervised probation. The supervised term of probation shall commence immediately and the defendant shall report to the

---

Lampman had served nearly 12 months of unsupervised probation before the State discovered the error in the judgment and sentence, and the court found that Lampman had "completed essentially his unsupervised time."

department of corrections to begin supervision within 24 hours of release.

(Emphasis added).

In a separate order, the court addressed the violation report which had been filed in February 2018. The court ordered that Lampman receive credit for the time he served in jail leading up to the April 24 hearing date toward his 30-day enhanced CCAP obligation. The court held that this credit, along with the 13 days in enhanced CCAP that Lampman completed in February, 2018, were sufficient to satisfy the 30 days Lampman was required to serve in enhanced CCAP.

Lampman appeals.

ANALYSIS

This court reviews the ruling on the State's motion to correct the judgment and sentence for abuse of discretion. State v. Roerich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). A trial court abuses its discretion when its decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons. A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. Id. (citation and quotation marks omitted). A decision is manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, adopts a view that no reasonable person would take, and arrives at a decision outside the range of acceptable choices. Id. (Citations and quotation marks omitted).

Rule 7.8(a) provides that

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Under this rule, a trial court is permitted to correct a clerical error in the judgment and sentence, State v. Priest, 100 Wn. App. 451, 455-56, 997 P.2d 452 (2000), but not a judicial error. State v. Davis, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). To determine whether a clerical error exists under CrR 7.8(a), the court applies the same test used to make that determination under CR 60(a), the civil rule governing amendment of judgments. State v. Snapp, 119 Wn. App. 614, 626, 82 P.3d 252, review denied, 152 Wn.2d 1028, 101 P.3d 110 (2004). Whether an error is judicial or clerical depends on "whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial." Presidential Estates Apartment Assoc. v. Barrett, 129 Wn.2d 320, 326, 917 P.2d 100 (1996). If the amended judgment correctly conveys the intention of the court based on other evidence, the error is clerical. Priest, 100 Wn. App. at 456. A court may not enter an amended judgment that does not find support in the trial record. Presidential Estates, 129 Wn.2d at 326.

Lampman contends the court abused its discretion in amending the judgment to impose a term of supervised probation beginning in March, 2019, because the amended judgment does not reflect what the court orally ruled at sentencing. We agree with Lampman that the record clearly shows the court intended that Lampman serve the term of

6

supervised probation first.  We also agree with Lampman that supervised probation, when ordered by the sentencing court, is customarily served before unsupervised probation.  This is apparent from the judgment and sentence form itself, which provides, in the paragraph related to supervised provision, that "[p]robation shall commence immediately," while the paragraph related to unsupervised probation excludes this language.  Thus, an offender sentenced to terms of both supervised and unsupervised probation will serve the supervised term first, unless the court overrides the form language.

We disagree with Lampman, however, that the court abused its discretion by correcting the judgment and sentence to reflect the court's intent to impose the two terms of probation.  The record shows the court intended for Lampman to serve a 12-month term of supervised probation.  Solely due to the passage of time, it is impossible now for <u>any</u> corrective amendment to accomplish precisely what the court intended, because by the time the court amended the judgment, Lampman had completed essentially all of the 12-month term of unsupervised probation.  The language of the court's amendment, however, comes as close as possible to imposing the sentence that the court intended without either increasing the intended term of supervised probation or extending the date when the intended sentence will end.  Considering the purposes of supervised probation and the court's clearly expressed intent as

demonstrated in the record, we conclude the court did not abuse its discretion in ordering the amendment to the judgment and sentence.

Affirmed.

FOR THE COURT:

_____
Chun, J.

_____
Dwyer, J.

_____
Appelwick, CJ