IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37671-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PAUL JOHN YASKANICH, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — The superior court convicted Paul Yaskanich on charges stemming

from the rapes and molestations of two minor girls and possession of child pornography.

On appeal, Yaskanich claims clerical errors infect his judgment and sentence.

PROCEDURE

Following a bench trial, the superior court convicted Paul Yaskanich on charges

relating to the sexual abuse of two minor victims. The trial court sentenced Yaskanich to

life imprisonment.

On the first page of the felony judgment and sentence, the trial court indicated the

need for clerk's action under the judgment's paragraphs 2.1, 4.1, 4.3, 4.7, 5.2, 5.3, 5.5,

5.7, and 5.8. Paragraph 2.1 lists Paul Yaskanich's offenses, designating each relevant

Revised Code of Washington (RCW) section and subsection, offense class, and date of

crime. Paragraph 2.1 also lists special circumstances that may be applicable to a particular case. In Yaskanich's judgment, the court checked a box indicating that counts one through five qualified Yaskanich as a persistent offender under RCW 9.94A.030(37).

Section 4 of the judgment and sentence is titled "Sentence and Order." Clerk's Papers (CP) at 289. Paragraph 4.1 relates to confinement. Paul Yaskanich's judgment reads that his total period of confinement, considering all counts, is life without the possibility of early release. Paragraph 4.3 concerns legal financial obligations. The court imposed a $500 victim assessment fee. Paragraph 4.7 exonerates any bail, bond, and/or personal recognizance conditions.

Section 5 of the Paul Yaskanich's judgment and sentence is titled "Notices and Signatures." CP at 291. Section 5.2 concerns the length of supervision and states "The clerk of the court has authority to collect unpaid legal financial obligations at any time." CP at 291. Section 5.3 concerns notice of income withholding and allows the clerk of the court to issue a notice of payroll deduction when a defendant is delinquent. Section 5.5 bans possession of firearms or ammunition as a consequence of a felony conviction and instructs the clerk of the court to forward a copy of the defendant's identification to the Department of Licensing.

The remainder of section 5 of Paul Yaskanich's judgment and sentence concerns actions that may be either checked or left unchecked by the trial court. The trial court checked paragraph 5.6, providing for sex and kidnapping offender registration.

Paragraph 5.6 was not included in the initial list of paragraphs requiring clerk's action. The trial court left unchecked paragraphs 5.7 and 5.8, which the first page declared needed clerk's action. Paragraphs 5.7 and 5.8 require the clerk of court to forward an abstract of court record to the Department of Licensing on the fulfillment of specified conditions.

LAW AND ANALYSIS

Paul Yaskanich characterizes the direction, on the front page of the judgment and sentence, that clerk's action was required on paragraph 5.7 amounts to a clerical or scrivener's error in light of the superior court's failure to check the box next to paragraph 5.7. Yaskanich asks that we remand to the superior court to correct the error. The State does not respond as to whether the first page includes a clerical error, but rather suggests no correction is needed because the clerk in fact took no action under paragraph 5.7.

A clerical or ministerial error is one made by a clerk or other judicial or ministerial officer in writing or keeping records. *State v. Hendrickson*, 165 Wn.2d 474, 479, 198 P.3d 1029 (2009); *State v. Ryan*, 146 Wash. 114, 116, 261 P. 775 (1927). An error constitutes a "clerical error," as distinguished from "judicial error," when an amended judgment would merely alter language in order to correctly convey the intention of the trial court as expressed in the record. *Presidential Estates Apartment Associates v. Barrett*, 129 Wn.2d 320, 326 n.5, 917 P.2d 100 (1996). In the criminal context, CrR 7.8(a) permits a trial court to correct clerical mistakes in judgments, orders, or other

3

parts of the record at any time either on its own initiative or on the motion of any party.

Under RAP 7.2(e), the authority of a trial court to correct a clerical error extends even

after appellate review.

This court has emphasized the necessity to bring clerical mistakes before the trial

court under CrR 7.8(a) for correction before resorting to unnecessary appeals. *State v.*

*Priest*, 100 Wn. App. 451, 456, 997 P.2d 452 (2000). This procedure gives the trial court

the first opportunity to correct scrivener errors, provides for a better record on review,

and avoids delay and expense incurred due to an unnecessary appeal. *State v. Rowland*,

97 Wn. App. 301, 305-06, 983 P.2d 696 (1999). This court has also remanded cases for

correction when the record on appeal clearly indicates a clerical error in the judgment and

sentence. *State v. Coombes*, 191 Wn. App. 241, 255, 361 P.3d 270 (2015); *In re*

*Personal Restraint of Mayer*, 128 Wn. App. 694, 701, 117 P.3d 353 (2005).

On first examination, Paul Yaskanich's judgment and sentence appears

inconsistent. Yet, we are not convinced of any clerical error. The first page indicates

clerk's action is required on paragraphs 5.7 and 5.8, although those paragraphs are not

checked on the form itself. Additionally, there is no indication that clerk's action is

required on paragraph 5.6, which the trial court checked, requiring Yaskanich to register

as a sex offender. But the test for clerical error is whether the judgment, as amended,

would embody the trial court's intention as expressed in the record. *Presidential Estates*

*Apartment Associates v. Barrett*, 129 Wn.2d 320, 326 (1996).

A clerk must conform to the direction of the court. RCW 2.32.050(9). The record does not indicate the purpose of the "Clerk's Action Required" section on the initial page of the felony judgment and sentence, nor whether the trial court's written notations in that section contradicted its intended instructions to the clerk of court. CP at 285. Some of the form's paragraphs explicitly instruct the clerk of the court to perform some task. For example, the felon firearm restriction at paragraph 5.5 instructs the clerk to "forward a copy of the defendant's driver's license, identicard, or comparable identification to the Department of Licensing along with the date of conviction or commitment." CP at 292. Other paragraphs contain no clear instructions for the clerk. Paragraph 2.1, listing Yaskanich's convictions, does not facially instruct the clerk to take any action, although the paragraph is included on the initial action list. Still, the clerk is most likely required to take ministerial actions outside of those directly enumerated on the felony judgment and sentence. Although there is no explicit instruction to do so, the clerk's duties likely entailed entry of Yaskanich's convictions into case management software. Ministerial duties may attach to the other paragraphs of the judgment and sentence, whether or not those duties directly affect Yaskanich's rights.

Without the benefit of a record that illuminates the causal relationship between the notations on the judgment and sentence and the clerk's resulting duties, this court lacks the ability to assess the presence of any clerical error. Paul Yaskanich has failed to

5

demonstrate clerical error that would justify an order of remand.  The arguments he

advances would be better addressed by the trial court.

CONCLUSION

We affirm the superior court's judgment and sentence with leave for the court,

under RAP 7.2(e), to consider modifying or striking the claimed clerical error.  *State v.*

*Priest*, 100 Wn. App. 451, 456 (2000).

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.