[Nos. 39255-7-I; 39528-9-I.  Division One.  August 17, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. SCOTT B. ANDERSON, *Appellant*.

*In the Matter of the Personal Restraint of* SCOTT B. ANDERSON, *Petitioner.*

---

[20]*Keene v. Edie*, 131 Wn.2d at 831.

[21]*deElche v. Jacobsen*, 95 Wn.2d at 246-47.

*Stella S. Buder* of *Washington Appellate Project*, for appellant/petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Erin Riley, Deputy*, for respondent.

BECKER, J. — The imposition of Scott Anderson's 246-month sentence was briefly delayed beyond the statutory time limit of 40 days from conviction. He argues that the delay requires a reversal of his prison sentence because, like the provision enforced in *State v. Krall*[1] by reversal of an order of restitution, the statute says the court "shall" act within the time limit. Because a prison sentence is not analogous to an order of restitution, we decline to enforce the sentencing time limit with comparable strictness.

The charge against Anderson arose from the robbery of a convenience store. He allegedly took some wine without paying. When the store clerk tried to stop him from leav-

---

[1]*State v. Krall*, 125 Wn.2d 146, 881 P.2d 1040 (1994).

ing, he hit the clerk with a bottle, ran out into the parking lot, fired a bullet into the store, and fled. Police, responding to the clerk's 911 call, identified Anderson as the suspect. They went to Anderson's home, arrested him, and recovered a revolver from him.

A jury convicted Anderson of first degree robbery while armed with a deadly weapon, second degree assault while armed with a deadly weapon, and first degree unlawful possession of a firearm.

## DELAY IN SENTENCING

RCW 9.94A.110 provides that a court, before imposing sentence, "shall" conduct a sentencing hearing within 40 court days of conviction unless the period is extended for good cause:

> Before imposing a sentence upon a defendant, the court shall conduct a sentencing hearing. The sentencing hearing shall be held within forty court days following conviction. Upon the motion of either party for good cause shown, or on its own motion, the court may extend the time period for conducting the sentencing hearing.

Anderson was found guilty on June 13, 1996. The sentencing hearing was not held until August 23, more than 40 court days after the verdict. There had been no motion or order for an extension of time. At the sentencing hearing, Anderson moved for dismissal of the case on grounds that the sentencing was untimely. The trial court denied Anderson's motion, and he appeals.

Relying on *State v. Krall* and related cases, Anderson contends that the court was without statutory authority to sentence him after the expiration of the 40-day period. He says the use of the term "shall" in the statute imposes a mandatory duty to sentence him within 40 days of conviction. Anderson argues we must strictly interpret the word "shall" as the Supreme Court did in *Krall*.

At issue in *Krall* was the restitution statute, former RCW

9.94A.142(1), which at that time provided: "When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days."[2] The Court held the word "shall" in RCW 9.94A.142(1) was mandatory, not directory.[3] The appellant was held entitled to a reversal of the order of restitution because the order was not imposed within 60 days of the sentencing hearing as the statute then required.

*Krall* was followed by *State v. Moen*,[4] another case in which the trial court ordered restitution more than 60 days after the sentencing hearing. The State tried to avoid the holding of *Krall* by arguing that the defendant had to establish prejudice resulting from the untimely restitution order, and had failed to do so. The Supreme Court found this argument unsupported by authority and, as in *Krall*, reversed the restitution order.[5] A year later, in *State v. Mollichi*,[6] the Supreme Court applied the reasoning of *Krall* and *Moen* to a similar use of the word "shall" in the juvenile disposition statute.[7] The Court found the statutory language unambiguous and said, "We have no license to rewrite explicit and unequivocal statutes."[8]

The State responds that *Krall* and its progeny are distinguishable because they deal with restitution, not sentencing, and relies on pre-*Krall* decisions of the Court of Appeals as controlling authority on the issue of delay in sentencing. In *State v. Eugene W.*,[9] a pre-*Krall* case directly on point, the trial court refused to set aside a juvenile conviction despite a five-month delay in sentencing. As

---

[2]*State v. Krall*, 125 Wn.2d at 147. The time limit was later changed by the Legislature to 180 days. Laws of 1995, ch. 231, § 2.

[3]*State v. Krall*, 125 Wn.2d at 148-49.

[4]*State v. Moen*, 129 Wn.2d 535, 537, 919 P.2d 69 (1996).

[5]*Id.* at 548.

[6]*State v. Mollichi*, 132 Wn.2d 80, 93-94, 936 P.2d 408 (1997).

[7]*Id.* at 86-87.

[8]*Id.* at 87.

[9]*State v. Eugene W.*, 41 Wn. App. 758, 706 P.2d 235 (1985).

here, the State had not requested a continuance nor was there any showing of good cause for delay. The juvenile defendant acknowledged, however, that he was not prejudiced by the delay. This court affirmed, holding the defendant must show prejudice in order to have a remedy for a violation of a statutory time limit on the imposition of sentence.[10] Because Anderson does not claim prejudice, the State contends he is not entitled to a remedy. We agree with the State.

In *Moen*, the Supreme Court rejected the State's offer of *Eugene W.* as authority to uphold an untimely restitution order absent prejudice. But at the same time, the Court expressly recognized *Eugene W.* as authority that a delayed sentence can be upheld if there is no prejudice to the defendant.[11] We are therefore not bound to apply the rationale of *Krall*, *Moen*, and *Mollichi* in cases where there is delay in conducting a sentencing hearing.

■ We acknowledge the general rule in *Krall* that the term "shall" is presumptively mandatory.[12] However, we are also attentive to *Krall*'s statement that the meaning of "shall" depends upon the "legislative intent of the statute as a whole."[13] The *Krall* court identified four factors traditionally considered in such an analysis: (1) the terms and provisions of the act in relation to the subject of the legislation; (2) the nature of the act; (3) the general object to be accomplished; and (4) consequences that would result from construing the particular statute in one way or another.[14]

---

[10]*Id.* at 761. *See also State v. Carlson*, 65 Wn. App. 153, 164, 828 P.2d 30, *review denied*, 119 Wn.2d 1022 (1992). *Cf. State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994) (two-year delay without good cause found to be "purposeful or oppressive"; violating constitutional right to speedy sentencing; setting aside of verdict and dismissal of charges affirmed on appeal).

[11]*State v. Moen*, 129 Wn.2d at 548.

[12]*State v. Krall*, 125 Wn.2d at 149.

[13]*Id.* at 148.

[14]*Id.* at 148; *State v. Huntzinger*, 92 Wn.2d 128, 133, 594 P.2d 917 (1979).

With these factors in mind, we identify several reasons why reversal of sentence is not an automatic remedy when a trial court fails in its obligation to conduct a sentencing hearing within 40 court days. The Supreme Court observed in *Moen* that a time limit barring compensation to injured persons "is not a novel concept in our jurisprudence."[15] Because compensation is not the primary purpose of including restitution in a sentence,[16] the Supreme Court found potential loss of compensation to injured victims to be an acceptable consequence of strict construction of the restitution time limit. By contrast, there is no precedent for invalidating a criminal sentence because it was imposed outside a relatively short statutory time limit. The potential loss of protection to the public is not an acceptable consequence of a comparably strict enforcement of the 40-day time limit for sentencing.

When an order of restitution is barred as untimely imposed, other punishment options remain available. But to bar a sentence as untimely imposed is a far more consequential act. Anderson says his conviction would be unaffected. This is true only in a technical sense. The remedy Anderson seeks, a reversal of his sentence, would deprive the foregoing trial and conviction of any consequence whatsoever. Such an outcome is inconsistent with the SRA's stated purposes, which include protection of the public as well as ensuring punishment for a criminal offense that is proportionate to the seriousness of the offense.[17]

We conclude that the Legislature did not intend to bar absolutely any sentence imposed outside of 40 court days. Because Anderson has not shown prejudice arising

---

[15]*State v. Moen*, 129 Wn.2d at 542.

[16]*Id.*

[17]RCW 9.94A.010(1) and (4).

from the violation of the statute, the trial court did not err in refusing to dismiss.

## SAME CRIMINAL CONDUCT

A defendant's current offenses must be counted separately in determining the offender score unless the trial court finds that some or all of the current offenses "encompass the same criminal conduct."[18] Anderson did not ask for a finding of same criminal conduct at his sentencing hearing, and the trial court did not make one. The court counted the assault and robbery separately, which gave Anderson an offender score of nine. If they had been counted as the same criminal conduct, his offender score and standard range sentence would have been lower. Anderson now contends for the first time that the assault and robbery convictions should have been counted as one offense.

This court will generally not address an issue which was not raised at trial.[19] However, it has become a well-established "common law" rule that a party may challenge a sentence for the first time on appeal on the basis that it is contrary to law.[20] This rule tends to bring sentences into conformity and compliance with existing sentencing statutes and avoids permitting widely varying sentences to stand only because counsel did not object in the trial court.[21] Under this rule, Anderson's failure to raise the issue of same criminal conduct in the trial court does not preclude appellate review of that issue.

---

[18]RCW 9.94A.400(1)(a).

[19]*State v. Wiley*, 63 Wn. App. 480, 482, 820 P.2d 513 (1991), *overruled in part*, *State v. Moen*, 129 Wn.2d at 547.

[20]*See State v. Paine*, 69 Wn. App. 873, 884, 850 P.2d 1369 (1993); *State v. Roche*, 75 Wn. App. 500, 512-13, 878 P.2d 497 (1994); *State v. Moen*, 129 Wn.2d at 547.

[21]*State v. Paine*, 69 Wn. App. at 884; *State v. Moen*, 129 Wn.2d at 545-47.

■ Anderson's brief does not identify the standard of review he expects this court to apply. The record contains no findings on any of the elements of the same criminal conduct. Because this court does not make factual findings, we will treat the trial court's calculation of Anderson's offender score as an implicit determination that his offenses did not constitute the same criminal conduct. Just as in cases where the trial court explicitly considers the issue, we will not disturb an implicit determination absent abuse of discretion or misapplication of the law.[22]

Review for abuse of discretion is a deferential standard; review for misapplication of the law is not.[23] Review for abuse of discretion is appropriate when the facts in the record are sufficient to support a finding either way on the presence of any of the three elements that constitute "same criminal conduct": (1) same time and place; (2) same victim; and (3) same objective criminal intent.[24] In the present case, the trial court could have found that Anderson's objective intent was to steal the wine. But the facts also support the additional finding that when Anderson went outside and fired his gun, his objective intent changed to a desire to injure, threaten, or frighten. The offender score calculated by the trial court implicitly finds that Anderson's objective intent did not remain the same. Because such a finding is neither a misapplication of the law nor an abuse of discretion under the circumstances of this case, we will not disturb it on appeal.

The absence of any one of the three elements prevents a

---

[22]*State v. Maxfield*, 125 Wn.2d 378, 402, 886 P.2d 123 (1994).

[23]*See, e.g., State v. Garza-Villarreal*, 123 Wn.2d 42, 49, 864 P.2d 1378 (1993); *State v. Porter*, 133 Wn.2d 177, 184-86, 942 P.2d 974 (1997) (as a matter of law, virtually simultaneous deliveries of drugs involve the same criminal conduct).

[24]*See* RCW 9.94A.400(1)(a); *State v. Dunaway*, 109 Wn.2d 207, 214-15, 743 P.2d 1237 (1987). *State v. Franklin*, 46 Wn. App. 84, 729 P.2d 70 (1986) is reversed in *State v. Dunaway*, 109 Wn.2d at 217 (1987). Anderson's reliance on *Franklin* is misplaced.

finding of same criminal conduct.[25] The calculation of the offender score is affirmed.

## DEADLY WEAPON ENHANCEMENTS

■ The sentencing court imposed a 60-month firearm enhancement on Anderson's conviction for robbery and a 36-month firearm enhancement on the conviction for assault. The firearm enhancements were ordered to run consecutively to each other. Anderson's objection to this sentencing decision may also be raised for the first time on appeal.[26]

■ The Supreme Court has recently concluded, in *In re Post Sentencing Review of Charles*,[27] that the multiple weapon enhancements provided for in the "Hard Time for Armed Crime" initiative[28] do not necessarily run consecutively to each other. When two or more offenses each carry a firearms enhancement, each enhancement runs consecutively to the underlying sentence for the crime to which it applies. Anderson is entitled to a remand for resentencing at which the court shall determine whether the deadly weapon enhancements run concurrently or consecutively by applying the rules set forth in RCW 9.94A.400.

## CONCLUSION

Anderson's conviction is affirmed. His sentence is remanded for reconsideration of the deadly weapon enhancements in light of *In re Post Sentencing Review of Charles*. The offender score calculation is affirmed. Anderson's personal restraint petition, which like his direct appeal raises the issue of delay in sentencing, is denied.

[25]*State v. Porter,* 133 Wn.2d at 181.

[26]*See State v. Roche,* 75 Wn. App. 500, 513, 878 P.2d 497 (1994).

[27]*In re Post Sentencing Review of Charles,* 135 Wn.2d 239, 254, 955 P.2d 798 (1998).

[28]*See* RCW 9.94A.310(3)(e).

KENNEDY, C.J., and COX, J., concur.

Review denied at 137 Wn.2d 1016 (1999).