[No. 23451-7-III.   Division Three.   April 25, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. MIGUEL MILO McDOUGALL, *Appellant*.

*Dennis W. Morgan*, for appellant.

*Steven M. Lowe, Prosecuting Attorney*, and *David W. Corkrum, Deputy*, for respondent.

¶1 Sweeney, C.J. — This is an appeal from a sentence—a sentence that followed a plea agreement. The essential challenge is that the court, without a request from Miguel McDougall, should have counted his two current convictions (for robbery and assault) as the same criminal conduct for sentencing purposes. The defendant here did not ask the sentencing court to consider the question and his sentence followed an agreement to plead guilty to these crimes. We therefore affirm the sentence.

## FACTS

¶2 Miguel McDougall and several accomplices armed themselves, forced their way into a home, and demanded money from Jonathan Chapman. One of the men pointed a shotgun at Mr. Chapman and threatened to kill him. They then took Mr. Chapman's wallet and fled.

¶3 The State charged Mr. McDougall by a second amended information with robbery in the first degree and assault in the second degree. Mr. McDougall pleaded guilty to both charges as part of a plea agreement. The agreement included the prosecutor's calculation of Mr. McDougall's offender score—seven. Mr. McDougall challenged the inclusion of some juvenile offenses in his offender score but did not complain that his crimes constituted the "same criminal conduct" for sentencing purposes.

¶4 The sentencing court sentenced Mr. McDougall based on an offender score of seven. Mr. McDougall now appeals his sentence.

## DISCUSSION

Same Criminal Conduct

¶5 Mr. McDougall contends for the first time on appeal that first degree robbery and second degree assault are the "same criminal conduct."

¶6 The State responds that the robbery and assault are not the "same criminal conduct." But even if they were, Mr. McDougall should not be allowed to complain about them here on appeal since the offender score was part of a plea agreement.

¶7 Several principles guide our review of a challenge to an offender score: "[1] a sentence in excess of statutory authority is subject to collateral attack, [2] . . . a sentence is excessive if based upon a miscalculated offender score (miscalculated upward), and [3] . . . a defendant cannot agree to punishment in excess of that which the Legislature has established." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002). Generally a criminal defendant does not waive a challenge to a miscalculation of an offender score by failing to object in the sentencing court. *Id.* at 874. But while Mr. McDougall certainly does not waive his right to challenge any legal error, he can agree to factors underlying his plea. *Id.* All things being equal, the question of same criminal conduct is still a matter within the trial court's discretion. *State v. Anderson*, 92 Wn. App. 54, 62, 960

P.2d 975 (1998). And the court need not, indeed cannot, exercise that discretion unless it is given the chance to do so. *State v. Nitsch*, 100 Wn. App. 512, 524-25, 997 P.2d 1000 (2000). And here it was denied that chance.

¶8  This sentence was the product of a plea bargain. The results of that bargain included an offender score calculation of seven based on his prior criminal conduct and an agreement to plead guilty to both one count of robbery in the first degree and one count of assault in the second degree. Mr. McDougall agreed to that. It would then have been improper for the court to revisit that agreement and sentence other than for some obvious legal error. *Goodwin*, 146 Wn.2d at 874-75. A sentencing judge does not commit legal error or otherwise abuse his or her discretion by imposing a sentence based upon an agreed offender score unless the offender score is wrong as a matter of law. *Id.* at 874-76; *Nitsch*, 100 Wn. App. at 524-25.

PRIOR JUVENILE OFFENSES

¶9  Mr. McDougall objected to the court's including his prior juvenile offenses as part of his offender score.

¶10  An offender score is calculated based on a defendant's "criminal history." Former RCW 9.94A.030(13) (2003);[1] RCW 9.94A.525, .589(1)(a). This is a list of the defendant's prior convictions and juvenile adjudications. Former RCW 9.94A.030(13). "Criminal history" is a statutory definition found in the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. *Id.*; *State v. Varga*, 151 Wn.2d 179, 192, 86 P.3d 139 (2004).

¶11  The legislature amended the definition of "criminal history" in 2002. LAWS OF 2002, ch. 107, § 2(13); *Varga*, 151 Wn.2d at 193. Before the amendment, a defendant's "criminal history" did not include juvenile adjudications that occurred before the juvenile's 15th birthday. *In re Pers. Restraint of LaChapelle*, 153 Wn.2d 1, 4-5, 9-10, 100

---

[1] Now RCW 9.94A.030(14). There has been no change in the wording of this subsection since 2002, just the numbering.

P.3d 805 (2004). The 2002 amendment redefined the term "criminal history" to include *all* prior juvenile adjudications unless they were otherwise vacated. Former RCW 9.94A.030(13); Laws of 2002, ch. 107, § 2(13); *Varga*, 151 Wn.2d at 193. The definition includes prior convictions that were not used to calculate a defendant's prior offender score under a former version of the SRA. Former RCW 9.94A.030(13)(c);[2] Laws of 2002, ch. 107, § 2(13); *Varga*, 151 Wn.2d at 193. "Under the current SRA, no offender has a vested right in the definition of criminal history in effect when a previous crime was committed." *LaChapelle*, 153 Wn.2d at 12.

¶12 Mr. McDougall argues that his juvenile adjudications (those that occurred before his 15th birthday) should not count toward his current offender score since they were never part of his criminal history. He relies on the decision in *LaChapelle*.

¶13 *LaChapelle* addresses offender score calculations for current offenses that occurred before the effective date of the 2002 amendments. *Id.* at 5, 13-14. "We hold that washed out offenses described in this opinion may not be counted in calculating offender scores for offenses which occurred before the effective date of the 2002 amendments to the SRA." *Id.* at 14.

¶14 Mr. McDougall's current offenses occurred in September 2003. This is after the effective date of the 2002 amendments to the SRA. Mr. McDougall is then subject to the 2002 definition of "criminal history." Former RCW 9.94A.030(13); *Varga*, 151 Wn.2d at 191. And his juvenile adjudications are then part of his "criminal history" and count toward his offender score. Former RCW 9.94A.030(13); *Varga*, 151 Wn.2d at 191.

---

[2] "A prior conviction that was not included in an offender score calculated pursuant to a former version of the sentencing reform act remains part of the defendant's criminal history." Former RCW 9.94A.030(13)(c).

¶15 We affirm the sentence as the product of Mr. McDougall's plea agreement.

BROWN and KATO, JJ., concur.

