# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75738-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ALEXANDER FRANCIS VASQUEZ, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: March 5, 2018 |
| | ) | |

Cox, J. — Alexander Vasquez appeals his judgment and sentence, challenging the sentence imposed. He contends that the trial court miscalculated his offender score by counting a prior misdemeanor in which domestic violence was not pleaded and proven and by failing to evaluate two other prior convictions as the same criminal conduct. He also contends that the trial court imposed a sentence exceeding the statutory maximum. The record shows that domestic violence was not pleaded and proven in the prior misdemeanor. The trial court should have conducted a same criminal conduct evaluation. And the sentence imposed exceeded the statutory maximum. We reverse and remand with instructions.

Vasquez was charged with felony violation of a no contact order by a third or subsequent violation. A jury found him guilty of that change. The trial court

calculated his offender score at 9 and imposed 60 months of confinement, with 12 additional months of community custody.

Vasquez appeals.

## PRIOR MISDEMEANOR

Vasquez argues that the trial court improperly counted a 2015 misdemeanor as a prior offense towards his offender score. We agree.

The State bears the burden to prove by a preponderance of the evidence the existence of prior convictions.[1] Further, the State must prove that a prior conviction qualifies to bear upon the offender score.[2]

RCW 9.94A.525(21)(c) provides that, in sentencing for a current domestic violence felony offense, the trial court "[c]ount[s] one point for each adult prior conviction for a repetitive domestic violence offense as defined in RCW 9.94A.030, where domestic violence as defined in RCW 9.94A.030, was pleaded and proven."

We review de novo the calculation of a defendant's offender score.[3]

Here, the parties do not dispute that the current offense under appeal is a domestic violence felony. Their argument concerns whether domestic violence was pleaded and proven for a no contact order violation conviction in 2015. This

---

[1] State v. Hunley, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012).

[2] See In re Pers. Restraint of Cadwallader, 155 Wn.2d 867, 876-77, 123 P.3d 456 (2005).

[3] State v. Johnson, 180 Wn. App. 92, 100, 320 P.3d 197 (2014).

record does not establish that domestic violence was pleaded and proven for that conviction.

The citation for that offense was issued based on RCW 26.50.110 "Violation DV No Contact Order." But the record does not include an information or other charging document to show that domestic violence was pleaded. The jury verdict form for this offense asked the jury whether Vasquez was guilty "of the crime of VIOLATION OF NO CONTACT ORDER." It neither mentioned nor showed that the jury found domestic violence to be a component of the charged crime.

The 2015 trial court imposed a "$100 DV fee." It also entered a notice that Vasquez was ineligible to own a firearm, based on "Violation of a Protection/No Contact Order" explicitly "against a family or household member." But it did not check the box on the judgment and sentence indicating whether "DV pled [sic] and proved."

Vasquez brought these discrepancies to the trial court's attention. The State additionally alleged that the Justice Information System, a registry of criminal history information, showed the 2015 conviction as a domestic violence offense.

The trial court agreed with Vasquez that "there's room for confusion here." But it found that the 2015 conviction was a qualifying domestic violence offense based on imposition of the $100 DV fee, reasoning that the failure to check "DV pled and proved" was a scrivener's error. It correctly acknowledged that "certainly that is an area for potential appeal."

3

The record does not indicate that domestic violence was pleaded and proven in the 2015 offense. It shows that Vasquez was cited for a domestic violence offense. And it shows that the 2015 trial court treated the conviction as a domestic violence offense for purposes of imposing the fee and entering a notice of ineligibility to own a firearm. But it does not show that the State ever pleaded or proved a domestic violence offense. Nor does it show that the jury, as fact finder, ever found a domestic violence offense proven. Thus, the trial court, while acknowledging the confusion such a record presented, improperly counted this prior offense under RCW 9.94A.525(21)(c).

## SAME CRIMINAL CONDUCT

Vasquez argues that the trial court improperly failed to evaluate whether two 2006 convictions for drive-by shooting and conspiracy to commit a drive-by shooting constituted the same criminal conduct. We agree.

At the threshold, we must resolve the State's argument that Vasquez waived this issue, precluding review under RAP 2.5(a). We disagree.

This court held in State v. Anderson that the defendant may raise for the first time on appeal the trial court's failure to perform a same criminal conduct evaluation.[4]

In that case, Scott Anderson "did not ask for a finding of same criminal conduct [regarding multiple current offenses] at his sentencing hearing, and the

---

[4] 92 Wn. App. 54, 61, 960 P.2d 975 (1998).

trial court did not make one."[5] He raised the issue only on appeal.[6] This court held that he could do so, based on "a well-established 'common law' rule that a party may challenge a sentence for the first time on appeal on the basis that it is contrary to law."[7] "Under this rule, Anderson's failure to raise the issue of same criminal conduct in the trial court d[id] not preclude appellate review of that issue."[8] But in such circumstances, this court decided to "treat the trial court's calculation of Anderson's offender score as an implicit determination that his offenses did not constitute the same criminal conduct."[9] And it independently evaluated for same criminal conduct.[10]

But a defendant may not raise the issue for the first time on appeal when she not only fails to raise the issue below but affirmatively and "explicitly agree[s], in writing, that his offender score was properly calculated."[11]

State v. Nitsch[12] is instructive. In that case, Anthony Nitsch pleaded guilty to first degree burglary and first degree assault.[13] Both Nitsch and the State

---

[5] Id.

[6] Id.

[7] Id.

[8] Id.

[9] Id. at 62.

[10] Id.

[11] State v. Nitsch, 100 Wn. App. 512, 521-22, 997 P.2d 1000 (2000).

[12] 100 Wn. App. 512, 997 P.2d 1000 (2000).

[13] Id. at 513-14.

presented the same standard sentencing range to the trial court, based on counting each offense as an "other current offense."[14] Nitsch then, for the first time on appeal, argued that the trial court had miscalculated his offender score because his two crimes encompassed the same criminal conduct.[15]

We held that he waived this argument by affirmatively and explicitly acknowledging the standard range in writing.[16] We examined the plea agreement and a presentence report that Nitsch had filed, indicating the same standard range.[17] We explained that:

> [w]hile he did not state 'my offender score is two,' his range can be arrived at only by calculating the score, and thus his explicit statement of the range is inescapably an implicit assertion of his score, and also an implicit assertion that his crimes did not constitute the same criminal conduct.[18]

We also identified further concerns specific to that case that bolstered our conclusion. First, we held particularly compelling that Nitsch had made this acknowledgement "[i]n the context of a complex plea agreement involving the State's promise not to file additional charges and Nitsch's request for an exceptional mitigated sentence."[19] It would provide the defendant an unfair windfall to allow him to adopt one posture in plea negotiations and another on

---

[14] Id. at 518.

[15] Id. at 514.

[16] Id. at 521-22.

[17] Id. at 522.

[18] Id.

[19] Id.

appeal.[20] Second, we noted that in counting current offenses, the same criminal conduct statute was not mandatory.[21] We contrasted this to the mandatory nature of the out-of-state conviction provision.[22]

A defendant only affirmatively acknowledges that a prior conviction should count towards his score when he acknowledges the prior conviction itself.[23] A mere concession to the total offender score is insufficient.[24]

State v. Lucero[25] is instructive. In that case, David Lucero was convicted of second degree assault.[26] At sentencing, he argued that a California conviction for possession of a controlled substance had washed out.[27] He otherwise "recited a standard sentencing range that was apparently based on the inclusion of a California burglary conviction in his offender score."[28] Lucero then appealed his sentence and argued, for the first time, that the trial court should have

---

[20] Id. at 524.

[21] Id. at 523.

[22] Id.

[23] State v. Lucero, 168 Wn.2d 785, 789, 230 P.3d 165 (2010).

[24] Id.

[25] 168 Wn.2d 785, 230 P.3d 165 (2010).

[26] Id. at 787.

[27] Id.

[28] Id.

excluded the California burglary conviction from calculation of his offender score because it was not comparable.[29]

The supreme court agreed.[30] It concluded that "Lucero did not affirmatively acknowledge that his California convictions were comparable to Washington crimes. At most, he acknowledged that without the challenged California drug possession conviction, his offender score would still include the California burglary conviction."[31]

Here, Vasquez did not request that the current trial court conduct a same criminal conduct evaluation on the 2006 convictions. When the prosecutor handed the trial court documents concerning Vasquez's criminal history, defense counsel asked that the court "review them independently to make findings with regard to their applicability in this case." But after colloquy concerning the 2015 no contact order violation, the trial court ruled that otherwise it would score the convictions presented "as part of [Vasquez's] offender score for purposes of today's, sentencing" resulting in an offender score of 9. Thus, we hold that Vasquez did not waive this issue. We proceed accordingly to the merits.

Under RCW 9.94A.525(5)(a), a trial court should count all prior convictions separately. An exception to this general rule is provided under RCW 9.94A.525(5)(a)(i), which requires a current trial court to conduct a same criminal

---

[29] Id.

[30] Id. at 789.

[31] Id. (internal quotations omitted).

conduct evaluation in certain circumstances and count convictions within the same criminal conduct together. If the prior sentencing court determined multiple offenses to be the same criminal conduct, the later trial court must follow that determination.[32] But if the prior sentencing court did not determine them to be the same criminal conduct:

> The current sentencing court *shall* determine with respect to other prior adult offenses for which sentences were served concurrently . . . whether those offenses shall be counted as one offense or as separate offenses using the 'same criminal conduct' analysis found in RCW 9.94A.589(1)(a), and if the court finds that they shall be counted as one offense, then the offense that yields the highest offender score shall be used.[33]

Division Three of this court held that this imposed a mandatory duty on the trial court to conduct a same criminal conduct analysis in State v. Williams.[34] In that case, Christian Williams appealed his sentence for crimes not relevant here.[35] The trial court separately counted two prior offenses for burglary and robbery.[36] Williams never argued to the trial court that these offenses should be considered the same criminal conduct.[37] And the trial court never performed a same criminal conduct analysis, instead relying solely on the burglary anti-

---

[32] RCW 9.94A.525(5)(a)(i).

[33] Id. (emphasis added).

[34] 176 Wn. App. 138, 307 P.3d 819 (2013).

[35] Id. at 139-40.

[36] Id.

[37] Id. at 144 (Korsmo, C.J., dissenting).

merger statute.[38] Division Three of this court reversed and remanded, concluding that the trial court improperly failed to exercise its discretion under the same criminal conduct test.[39] This failure misapplied the law because the trial court's duty under RCW 9.94A.525(5)(a)(i) is mandatory when the prior convictions were sentenced to run concurrently.[40] And the failure to exercise discretion was itself an abuse of discretion.[41]

The mandatory obligation contrasts with the procedure imposed for determining whether current offenses constitute the same criminal conduct. In the latter scenario, a trial court considering current offenses first "enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime."[42] The initial entry of such a finding is discretionary.[43]

This court reviews a trial court's evaluation of same criminal conduct for abuse of discretion or misapplication of law.[44] The failure to exercise discretion is an abuse of discretion.[45]

---

[38] Id. at 143.

[39] Id. at 144.

[40] Id. at 142.

[41] Id.

[42] Nitsch, 100 Wn. App. at 523.

[43] Id. at 521.

[44] State v. Graciano, 176 Wn.2d 531, 533, 295 P.3d 219 (2013).

[45] See Kucera v. Dep't of Transp., 140 Wn.2d 200, 224, 995 P.2d 63 (2000).

Here, Vasquez was convicted in 2006 for drive-by shooting as well as conspiracy to commit drive-by shooting. The 2006 trial court imposed concurrent sentences for those convictions. A line in the judgment and sentence for those convictions reading "[t]he court finds that the following prior convictions are one offense for purposes of determining the offender score" was crossed out. But as stated, only the prior sentencing court's determination that multiple offenses *did* constitute same criminal conduct binds the current sentencing court. The prior court's determination that multiple offenses did not constitute same criminal conduct has no such binding effect. Thus, RCW 9.94A.525(5)(a)(i) imposed a mandatory obligation on the current sentencing court to evaluate for same criminal conduct. The current sentencing court failed to make such an evaluation.

Remand is the appropriate remedy under these circumstances and, thus, we decline to independently conduct this evaluation.[46]

## STATUTORY MAXIMUM

Vasquez argues that the trial court improperly imposed a sentence exceeding the statutory maximum. We again agree.

Under RCW 9.94A.701(9), a specified term of community custody "shall be reduced by the court whenever an offender's standard range of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." Violation of a domestic

---

[46] Williams, 176 Wn. App. at 142-44.

violence protection order is a class C felony if the defendant has at least two previous convictions for violating a domestic violence protection order.[47] Under RCW 9A.20.021(1)(c), no person convicted for a class C felony, can be punished by confinement in excess of 60 months.

RCW 9.94A.701(9) places the responsibility for reducing the term of community custody as necessary on the trial court rather than on the Department of Corrections.[48] The remedy in this court is to "remand to the trial court to either amend the community custody term or resentence [the defendant] on the protection order violation conviction consistent with RCW 9.94A.701(9)."[49]

Here, the State correctly concedes that the trial court improperly imposed community custody in excess of the statutory maximum. Vasquez was convicted for violating a domestic violence protection order. Because he had at least two previous such convictions, his current conviction was a class C felony, carrying a statutory maximum sentence of 60 months. The trial court imposed 60 months of confinement. Any term of community custody in excess of this violated RCW 9.94A.701(9). Accordingly, we remand to either amend the community custody term or resentence Vasquez in accordance with RCW 9.94A.701(9).

## APPELLATE COSTS

Vasquez asks this court to deny the State its costs on appeal.

---

[47] RCW 26.50.110(5).

[48] State v. Boyd, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).

[49] Id.

RCW 10.73.160(1) gives appellate courts discretion to decline to impose appellate costs on appeal.[50]  Under State v. Sinclair, there is a presumption that indigency continues unless the record shows otherwise.[51]

Here, the trial court found that Vasquez is indigent.  Nothing in this record overcomes this presumption.  Thus, an award of costs would be inappropriate.

We reverse and remand for resentencing in a manner not inconsistent with this opinion.

_Cox, J._

WE CONCUR:

_Spearman, J._

_____

---

[50] State v. Nolan, 141 Wn.2d 620, 629, 8 P.3d 300 (2000).

[51] 192 Wn. App. 380, 392-93, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).