IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of Personal Restraint of | ) | |
| | ) | No. 39562-6-III |
| HAVEN MARY SCABBYROBE. | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

FEARING, C.J. — Haven Scabbyrobe brings this personal restraint petition to obtain a resentencing with a lower offender score. In 2022, the superior court sentenced her, on her second degree assault conviction, based on a score of 9+. She argues her score should have been 7. We grant her partial relief by ruling the correct score to be 8.

FACTS

On March 12, 2022, Haven Scabbyrobe stabbed her boyfriend Stephen Rojas with a knife in the face and in the arms while the two drove in Rojas' car. Rojas gained possession of the knife and pitched it out the car window. At the time of the assault, Scabbyrobe was under community custody.

The State of Washington charged Haven Scabbyrobe with second degree assault for stabbing Stephen Rojas with a knife. The State added a domestic violence enhancement because Scabbyrobe and Rojas were then dating.

On July 13, 2022, Haven Scabbyrobe entered an *Alford* plea to the charge. Scabbyrobe signed a statement on plea of guilty that read the trial court would sentence her based on an offender score of 9+. Scabbyrobe's judgment and sentence identified her criminal history as follows:

2.3     **Criminal History:** Prior criminal history used in calculating the offender score (RCW 9.94A.525):

| Crime | Date of Sentence | Sentencing Court (County & State) | Date of Crime | Adult or Juvenile | Type of Crime* |
|---|---|---|---|---|---|
| Possess Stolen Property 1 20-1-00211-19 | 3/8/2021 | Kittitas, WA | 9/18/2020* | Adult | NV |
| First Degree Theft 20-1-00211-19 | 3/8/2021 | Kittitas, WA | 9/18/2020* | Adult | NV |
| Theft of Motor Vehicle 18-1-02184-39 | 10/11/2019 | Yakima, WA | 11/16/2018 | Adult | NV |
| First Degree Robbery 09-1-01855-9 | 9/1/2010 | Yakima, WA | 9/17/2009 | Adult | Viol |
| Attempt to Elude 09-1-00367-5 | 4/13/2009 | Yakima, WA | 2/18/2009 | Adult | NV |
| Unlawful Possess Firearm 2 07-8-01115-4 | 8/28/2007 | Yakima, WA | 8/1/2007 | Juve | NV |
| TMVWOP 2 07-8-01115-4 | 8/28/2007 | Yakima, WA | 8/8/2007 | Juve | NV |

☒ The Court finds the above-listed concurrent prior convictions (indicated by *) are not the same criminal conduct under RCW9.94A.525(5)(a)(i), and shall count separately.

Judgment and Sentence (J&S) at 2. The judgment and sentence erroneously listed the second crime in the criminal history as first degree theft, when it should have read second degree theft. The judgment and sentence confirmed an offender score of 9+.

Based on an offender score of 9+, Haven Scabbyrobe's standard range sentence was 63 to 84 months. The sentencing court imposed a sentence of 84 months.

PROCEDURE

Haven Scabbyrobe filed this personal restraint petition on March 8, 2023. Personal Restraint Petition (PRP). The petition argues that Scabbyrobe maintained an offender score of not more than 7 at the time of her sentencing on second degree assault. She asks for a remand to the sentencing court for resentencing.

On March 24, 2023, Haven Scabbyrobe filed an affidavit of prejudice. A party to a superior court or district court case possesses a right to disqualify one county judge. The former process in exercising this right involved the party filing an affidavit of prejudice against the judge. Scabbyrobe's affidavit does not conform to this former familiar pleading. Instead, Scabbyrobe wrote, in the affidavit, that she would not have pled guilty had the State correctly calculated her offender score. Scabbyrobe added that she did not believe she would have received a fair trial in Yakima County. She did not ask to withdraw her *Alford* guilty plea, but rather requested vacation of her sentence.

On March 29, the State filed a motion to strike Haven Scabbyrobe's affidavit of prejudice. The State concluded that Scabbyrobe might have sought to withdraw her *Alford* plea, which argument and relief she omitted from her PRP. On June 27, this court denied the State's motion to strike. Order Referring Matter to Panel (June 27, 2023).

On July 20, Haven Scabbyrobe filed a declaration in support of her PRP in which she argues that Laws of 2023, chapter 415 (Engrossed H.B. 1324), an amendment to RCW 9.94A.525 effective July 2023, applies retroactively to her case. She contends that the two juvenile convictions listed in her criminal history should not be included when

3

calculating her offender score. Her criminal history includes convictions in August 2007 as a juvenile for unlawful possession of a firearm and taking a motor vehicle without permission. In the declaration, Scabbyrobe elucidates that she seeks only a resentencing with a corrected offender score and does not wish to withdraw her guilty plea.

LAW AND ANALYSIS

Offender Score

Haven Scabbyrobe maintains that her offender score should be 6 or 7 points, rather than the 9+points listed on her judgment and sentence. She targets her judgment and sentence as invalid on its face.

Haven Scabbyrobe's assigned error does not implicate a constitutional right. To obtain relief in a PRP based on nonconstitutional error, the petitioner must establish that the error constitutes a fundamental defect that inherently results in a complete miscarriage of justice. *In re Personal Restraint of Henriques*, 14 Wn. App. 2d 199, 202, 470 P.3d 527 (2020).

A sentence based upon an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice. *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 868, 50 P.3d 618 (2002). Because a sentencing court acts without statutory authority under the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, when imposing a sentence based on a miscalculated offender score, a petitioner is unlawfully restrained if serving a sentence based on such a score. *In re Personal Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997); *In re the Matter of Goodwin*, 146

4

Wn.2d 861, 867-68 (2002). A petitioner does not waive her right to challenge a miscalculated offender score by failing to object at the time of sentencing. *State v. McDougall*, 132 Wn. App. 609, 612, 132 P.3d 786 (2006).

*Juvenile Offenses*

Haven Scabbyrobe argues that Laws of 2023, chapter 415 (Engrossed H.B. 1324), an amendment to RCW 9.94A.525, applies to her sentence for second degree assault, and, therefore, the two points reflecting the juvenile convictions listed in her criminal history should not be included in her offender score. The State argues that the amendment only applies prospectively to crimes committed on or after the date of enactment, July 23, 2023. The State further argues that the law in effect at the time Scabbyrobe committed the crime must be applied when imposing her sentence. The State cites RCW 9.94A.345 and RCW 10.01.040 as requiring the application of the law in effect at the time the crime was committed.

We agree with the State. The sentencing court need not reduce Haven Scabbyrobe offender score because of two juvenile convictions.

RCW 9.94A.345, a provision of the SRA, declares:

> Except as otherwise provided in this chapter, any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed.

RCW 10.01.040, referred to as a savings clause, reads, in relevant part:

> Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force,

notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

Washington courts have repeatedly relied on the savings statute or savings clause to hold that amendments to the SRA do not apply to crimes that occurred before the enactment of amendments. *State v. Jenks*, 197 Wn.2d 708, 719-23, 487 P.3d 482 (2021); *State v. Ross*, 152 Wn.2d 220, 237-40, 95 P.3d 1225 (2004); *State v. Kane*, 101 Wn. App. 607, 610-19, 5 P.3d 741 (2000). No provision in Laws of 2023, chapter 415 (Engrossed H.B. 1324) suggests the legislature intended the amendment to apply retroactively.

The legislative history of Laws of 2023, chapter 415 evidences that the legislature did not intend for the amendment to apply retroactively. When a bill initially includes a provision but is later stricken from the bill, the act of striking the provision from the final version of the bill indicates an intent on behalf of the legislature to exclude the provision. *State v. Hirschfelder*, 170 Wn.2d 536, 546-47, 242 P.3d 876 (2010). Chapter 415, as introduced, granted the right to resentencing to any offender sentenced on an offender score that included points for past juvenile convictions. H.B. 1324, § 3, 68th Leg., 2023 Reg. Sess. (Wash.). The legislature later struck the provision before passage. 2023 Wash. Laws ch. 415.

*Miscalculation*

Haven Scabbyrobe argues that, even when including her juvenile convictions in her offender score, the sentencing court miscalculated the score. We agree. The offender score only totals 8.

Haven Scabbyrobe pled guilty to second degree assault, a violent felony offense. RCW 9.94A.525(8) declares:

> [i]f the present conviction is for a violent offense . . . , count two points for each prior adult violent felony conviction and juvenile violent felony conviction which is scorable under subsection (1)(b) of this section, and one point for each prior adult nonviolent felony conviction.

Scabbyrobe's 2010 conviction for first degree robbery qualified as a violent conviction. All other convictions were nonviolent. The former RCW 9.94A.525(9) 2011, directed the sentencing court to count one-half point for each prior nonviolent juvenile conviction. RCW 9.94A.525(19) instructs the court to add one point if the offender committed the crime while under community custody.

We previously provided the graph for Haven Scabbyrobe's criminal history. We now provide a table we compiled that includes the offender score for the previous offenses:

| Crime | RCW | Type of Crime | Adult or Juvenile | Offender Score Points | Citation to Attachments |
|---|---|---|---|---|---|
| Possession Stolen Property 1 | 9A.54.150 | NV | Adult | 1 | State's App. I |
| CORRECTED: Second Degree | 9A.56.040(1)(a) | NV | Adult | 1 | State's App. I |

7

| Theft | | | | | |
|---|---|---|---|---|---|
| Theft of Motor Vehicle | RCW 9A.56.065 and 9A.56.020(1)(a) | NV | Adult | 1 | State's App. H |
| First Degree Robbery | RCW 9A.56.190, 9A.56.200(1)(a)(i) | V | Adult | 2 | State's App. K |
| Attempt to Elude | RCW 46.61.024 | NV | Adult | 1 | State's App. L |
| Unlawful Possession of Firearm | RCW 9.41.040(2)(a)(iii) | NV | Juvenile | 1/2 | State's App. M |
| TMVWOP 2 | RCW 9A.56.075 | NV | Juvenile | 1/2 | State's App. N |

The offender score in the table totals 7 points. We add one point to Scabbyrobe's score because she was under community custody when she committed second degree assault. The correct offender score at sentencing was 8, not 9+.

Second degree assault carries a seriousness level of IV. RCW 9.94A.515. The standard range sentence for someone who commits second degree assault and possesses an offender score of 8 is 53-70 months. RCW 9.94A.510; RCW 9.94A.515. The sentencing court sentenced Haven Scabbyrobe to 84 months, the high end of the standard range for an offender score of 9+.

The State asks that we grant Haven Scabbyrobe relief and remand for resentencing with an offender score of 8, not 7 as claimed by Scabbyrobe. We agree.

## CONCLUSION

We remand to the superior court for resentencing, on the second degree assault conviction, with the direction to apply an offender score of 8.

8

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:


_____
Cooney, J.


_____
Staab, J.